UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KYLE ALLEYNE,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>JAMES SABA, SUPERINTENDENT,<br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 13-12034-JLT |

MEMORANDUM AND ORDER

TAURO, S.J.

BACKGROUND

On August 19, 2013, petitioner Kyle Alleyne ("Alleyne"), a state prisoner confined at MCI Cedar Junction, filed a self-prepared petition for writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241 challenging his state court conviction for the murder of his wife. Alleyne alleges Fourth Amendment violations based on a warrantless search of his apartment by the Framingham Police Department, as a "well-being" check. This search was made after the victim's mother called the police advising that she had not heard from her daughter and was concerned about her well-being. Alleyne argues that since there was no appeal for help by any potential victim in the home, the warrantless search was unconstitutional.

DISCUSSION

I.　　The Filing Fee

As a threshold matter, Alleyne failed to satisfy the filing fee requirements of this Court. A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules

Governing Section 2254 Cases.[1]

Because Alleyne has not submitted a filing fee or moved for leave to proceed *in forma pauperis*, he shall be granted additional time to do so.  Accordingly, if Alleyne wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) pay the $5.00 filing fee; or (2) file a motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement.  Failure to comply with this directive may result in the dismissal of this action without prejudice.[2]

II.     The Proper Respondent

Alleyne's petition does not name the respondent, and the Clerk's Office listed the defendant as the Commonwealth of Massachusetts for purposes of case opening.  Nevertheless, the proper respondent in a habeas petition is Alleyne's immediate custodian.  See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).  Here, James Saba, the Superintendent of MCI Cedar Junction is deemed to be the proper respondent.  Accordingly, he shall be deemed to be the sole respondent in this action and the docket shall be corrected to reflect this.

III.    Screening of the Petition

Alleyne's petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).  The Court liberally construes the petition because Alleyne is proceeding *pro se.*  Nevertheless, he is not entitled to habeas relief at this juncture for the reasons set forth below.

---

[1]The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 Cases.

[2]For the convenience of litigants, this Court provides a form application to seek leave to proceed *in forma pauperis*.  The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs.

IV.     A Section 2241 Habeas Petition is Not the Proper Vehicle for Challenging a State Conviction

Alleyne has styled his petition as one filed pursuant to 28 U.S.C. § 2241; however, § 2241 is not the proper vehicle for asserting a collateral attack on his state conviction.  Rather, the proper vehicle for a state prisoner challenging his state criminal conviction on constitutional grounds is through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, not § 2241.[3]

"It is a well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973).  "The rationale for this canon is that a general provision should not be applied 'when doing so would undermine limitations created by a more specific provision.'"  Coady, 251 F.3d at 484, citing Varity v. Howe, 516 U.S. 489, 511 (1996).  Generally, with respect to habeas petitions filed by state prisoners, Congress has placed time limitations on the filing of a § 2254 habeas petition and has restricted the availability of second and successive petitions through 28 U.S.C. § 2244(b).  Thus, the use of a § 2241 petition rather than a § 2254 petition would serve to circumvent Congress's intent to restrict the availability of second and successive petitions and/or the time limitations for filing a § 2254 motion.  Coady, 251 F.3d at 484-485. See Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (same); Taylor v. Holmes, 2012 WL 4846075 (D.N.J. 2012) (same).

In Brennan v. Wall, 100 Fed. Appx. 4, 2004 WL 943591, *4 (1st Cir. 2004) cert. denied, 543 U.S. 908 (2004), the United States Court of Appeals for the First Circuit ("First Circuit"), following the rationale in Coady, stated that a prisoner in custody pursuant to a judgment of a

---

[3]Under § 2254, the district court has jurisdiction to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

state court may file a habeas petition under § 2241, but it was limited by § 2254. Id. Thus, the First Circuit held that district court's treatment of the petitioner's habeas petition as one as having been brought under § 2254 was proper -- "despite the petitioner's attempt to classify his petition as a § 2241" petition or something else. Id. at *5.

As a final matter, as pled, the barebones petition fails to set forth the relevant factual information to state a habeas claim, in that he fails to identify the date and place of conviction, the case number, and whether he has exhausted state remedies.

In light of all of the above, this Court will not dismiss this petition *sua sponte*, but will permit Alleyne an opportunity to amend his petition by filing a § 2254 petition that will supersede the instant petition should he wish to proceed with this case. In order to avoid any prejudice to Alleyne, this Court will not, *sua sponte*, convert this action into a § 2254 habeas petition.

Accordingly, in addition to satisfying the filing fee requirements of this Court, should Alleyne seek to pursue a habeas claim, he shall submit, within 21 days, a completed § 2254 petition on the standard form to be provided by the clerk, or, he shall demonstrate good cause with legal support why he should be permitted to pursue a § 2241 habeas petition as pled rather than a § 2254 petition. If he submits a § 2254 petition, this Court will treat this action as having been filed pursuant to 28 U.S.C. § 2254, and the docket shall be corrected to reflect this.

Failure to comply with this directive will result in a dismissal of this action.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. If petitioner wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) pay the $5.00 filing fee; or (2) file a motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement;

2. James Saba, Superintendent of MCI Cedar Junction shall be deemed to be the proper respondent in this action. The docket shall be corrected accordingly; and

3. If petitioner wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must a completed § 2254 petition on the standard

form to be provided by the clerk, or, he shall demonstrate good cause with legal support why he should be permitted to pursue a § 2241 habeas petition as pled rather than a § 2254 petition.  If he files a § 2254 petition, this action shall be construed as such, and the clerk shall correct the docket accordingly.

SO ORDERED.

August 27, 2013                                         /s/ Joseph L. Tauro
DATE                                                    JOSEPH L. TAURO
                                                        UNITED STATES SENIOR JUDGE