UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KYLE ALLEYNE,<br>      Petitioner,<br><br>      v.<br><br>JAMES SABA, SUPERINTENDENT,<br>      Respondent. | )<br>)<br>)<br>)    C.A. No. 13-12034-JLT<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

TAURO, S.J.

BACKGROUND

On August 19, 2013, petitioner Kyle Alleyne ("Alleyne"), a state prisoner, filed a petition for writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241 challenging his state court conviction for the murder of his wife. Alleyne alleged Fourth Amendment violations based on a warrantless search of his apartment by the Framingham Police Department. Alleyne failed to pay the filing fee for this action or seek a waiver thereof.

On August 27, 2013, this Court issued a Memorandum and Order (Docket No. 4) directing Alleyne either to pay the $5.00 filing fee, or file a Motion for Leave to Proceed *in forma pauperis* within 21 days. Additionally, this Court directed that Alleyne's custodian be substituted as the proper respondent, and noted that a § 2241 was not the proper vehicle for challenging a state court conviction. Rather, a § 2254 petition was the appropriate method. In light of this, if Alleyne wanted to proceed with this action, he was directed to complete a § 2254 petition on the standard form within 21 days, or else he must demonstrate good cause why he should be permitted to pursue a § 2241 petition rather than a § 2254 petition.

In response, Allyene paid the $5.00 filing fee and filed a Show Cause Response (Docket No. 6) on September 16, 2013. In that response, Allyene includes additional facts, stating that he was convicted on February 13, 2013 in the Middlesex Superior Court in Woburn, Massachusetts. He indicates that "he has not even begun the state appeal process." Id. at 1. He argues that he should be permitted to proceed with this action as a § 2241 petition because a § 2254 petition is

"ONLY [available] after all state appeals have been exhausted." Id.  He further argues that a § 2241 petition should be available to him not only because his Fourth Amendment rights were violated, but because he has not begun the state appellate process, and because he is alleging the Massachusetts Supreme Judicial Court has "upheld an unconstitutionally low standard" in defining "exigent circumstances" that justify search of a home.  Id.  Additionally, Allyene claims that he as no reason to believe that a state court would rectify the violation of his rights, and that requiring him to submit a § 2254 petition would only serve to delay matters for years, while he exhausts his state appellate remedies, probably to no avail.  In short, he argues that "justice delayed is justice denied." Id. at 2.  He seeks to proceed under § 2241 in order to seek federal relief immediately to prevent a gross miscarriage of justice, and argues that the canon of statutory construction noted by this Court (*i.e.*, that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001)) would not be undermined if he were permitted to proceed under § 2241.

Finally, Allene seeks this Court's indulgence because he is proceeding *pro se*, and aks that he be allowed to withdraw his petition at this time if he is not granted habeas relief under § 2241, so that he may pursue his challenges at a later time, in a different form (*i.e.*, use a § 2254 petition "as a last resort.").

## DISCUSSION

Alleyne's argument that he should be permitted to pursue a § 2241 petition instead of a § 2254 petition because he has not exhausted his state appellate remedies is not persuasive. Similarly, his other allegations -- essentially to the effect that he should be permitted to bypass the state process because it is likely to cause a delay in rectifying his alleged unlawful conviction and because it is not likely that he would prevail in the state court system -- also are to no avail.

First, § 2254 is the appropriate vehicle for challenging custody pursuant to the judgment of a state court, while § 2241 petitions generally are available to "pretrial" detainees who are not

2

in custody on a state court judgment, or to federal prisoners under certain circumstances.[2] Alleyne's interpretation that § 2241 must be available for those prisoners who have <u>not</u> exhausted state remedies under § 2254 clearly puts the cart before the horse.

   Second and perhaps most importantly, the public policy underlying the state exhaustion requirement before bringing a § 2254 petition would be undermined completely should Alleyne's logic be adopted. It is well established that before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.[3] <u>See</u> <u>Janosky v. St. Amand</u>, 594 F.3d 39, 50 (1st Cir. 2010). The First Circuit has held that the exhaustion requirement arises out of principles of federal-state comity. <u>See</u> <u>Niziolek v. Ashe</u>, 694 F.2d 282, 285 (1st Cir. 1980). State courts play an important role in enforcing federal law in our system of dual sovereignty, and in the interests of comity, "giv[es] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (internal quotation marks omitted); <u>Rose v. Lundy</u>, 455 U.S. 509, 518-519 (1982)). Additionally, as an important practical matter, "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record." <u>Id.</u> at 518-519.

   Third and finally, Alleyne's argument that he should be able to seek immediate § 2241 relief without exhausting state remedies as required under § 2254 is misplaced because Alleyne <u>still</u> would have to exhaust his state remedies before bringing a § 2241 petition or before this Court could find that habeas relief would be warranted. Although there is no "statutory"

---

[2]Notably, many courts have considered that habeas petitions filed by prisoners who are in custody pursuant to a state sentence should be construed as § 2254 petitions (rather than § 2241 petitions), <u>regardless of the underlying grounds for relief.</u>  <u>See, e.g.</u>, <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060-62 (11th Cir. 2003); <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 277-79 (2d Cir. 2003);  <u>Coady v. Vaughn</u>, 251 F.3d 480, 484-85 (3rd Cir. 2001); <u>Crouch v. Norris</u>, 251 F.3d 720, 722-23 (8th Cir. 2001) (habeas challenge to parole eligibility).  In other words, any habeas petition filed by a state prisoner must be construed only as a § 2254 petition.

[3]In order to exhaust a claim, a habeas petitioner must present the substance of the claim to
the state's highest tribunal, that is, the Massachusetts, the Supreme Judicial Court.  <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 3 (1st Cir. 2007).

exhaustion requirement set forth in § 2241 (as there is in § 2254 cases), it nevertheless is well-established that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997); see Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000) (the exhaustion requirement of § 2254 claims has developed through case law to apply to § 2241 petitions through principles of comity and federalism).

## CONCLUSION

Based on the foregoing, Alleyne's request to pursue this action as a § 2241 habeas petition is DENIED, and this action is DISMISSED in its entirety without prejudice. Alleyne's request to withdraw his petition if he is not granted § 2241 habeas relief is DENIED as moot in view of the dismissal of this action.[4]

SO ORDERED.

September 24, 2013                    /s/ Joseph L. Tauro
DATE                                  JOSEPH L. TAURO
                                      UNITED STATES SENIOR JUDGE

---

[4]Notwithstanding the dismissal of this action, the Court will not direct the return of his $5.00 filing fee payment.